CITIMORTGAGE, INC.

v.

**KDR INVESTMENTS, LLP, Appellant.**

Commonwealth Court of Pennsylvania.

Argued June 12, 2008.

Decided Aug. 5, 2008.

Norman M. Yoffe, Camp Hill, for appellant.

David Fein, Philadelphia, for appellee.

BEFORE: PELLEGRINI, Judge, and LEAVITT, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge LEAVITT.

KDR Investments, LLP (KDR), the successful bidder at an upset tax sale of property owned by Citimortgage, Inc. (Citimortgage), appeals an order of the Court of Common Pleas of Dauphin County (trial court) which set aside the sale. The trial court did so because it determined that the Dauphin County Tax Claim Bureau (Bureau) failed to give proper no-

tice of the upset tax sale to the owner, as required by the Real Estate Tax Sale Law[1] (Tax Sale Law). Because we conclude that proper notice was not, in fact, given, we will affirm, albeit for a different reason than that relied on by the trial court.[2]

This matter concerns a parcel of real estate located at 2140 Derry Street, Harrisburg. Initially, Tina Neely held title to the property and Citimortgage held a first mortgage lien. When Neely's mortgage became delinquent, Citimortgage instituted foreclosure proceedings, which led to a Sheriff's sale on July 13, 2006. Citimortgage purchased the property at that sale. At the same time, the Bureau was in the process of listing the property for tax sale because of delinquent taxes for 2004 and subsequent years.[3] On July 17, 2006, the Bureau sent a notice of a tax sale addressed to "Neely Tina" at 2140 Derry Street, Harrisburg, by certified mail. However, the tax sale notice was returned to the Bureau and marked "return to sender, unclaimed, unable to forward." Bureau Exhibit 3.

On July 27, 2006, Citimortgage's deed to the property was recorded. On September 6, 2006, the Bureau sent a second tax sale notice by first class mail. This time, the notice listed Citimortgage as the property owner, and it was addressed to Citimortgage at 1111 Northpoint Drive, Building 4, Suite 100, Coppell, Texas, 75019. The upset tax sale took place on September 18, 2006, and the property was purchased by KDR. On October 2, 2006, Citimortgage was notified by certified mail

---

1. Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §§ 5860.101—5860.803.

2. An appellate court is permitted to affirm an order of the trial court on other grounds if the correct result was reached. *Ganzer v. Erie County Tax Claim Bureau,* 163 Pa.Cmwlth.

522, 641 A.2d 1261, 1262 n. 3 (1994) (citation omitted).

3. It is unclear when the Bureau began this process, but the parties agree that the process was already underway when Citimortgage bought the property.

sent to the same Coppell, Texas address that the property had been sold at a tax sale. Citimortgage filed objections and exceptions to the tax sale, and KDR intervened in the case.

A hearing was conducted by the trial court on April 12, 2007. The sole witness was James Hoffman, Deputy Director of the Bureau, who testified about the procedures followed by the Bureau in this case. He confirmed that the first tax sale notice with an accompanying tax bill was sent on July 17, 2006, by certified mail to "Neely Tina" at the Derry Street address and was returned by the Post Office. The notice was sent to Neely because she was the owner of record on July 17, 2006.

Hoffman explained that the County Tax Assessment Office maintains ownership records, and the Bureau has access to those records through an electronic database. The Bureau's IT Department electronically produces the Bureau's forms, using data obtained from the Tax Assessment Office. When Citimortgage's deed was recorded, the Bureau's database was updated with that information.[4] Accordingly, when the second notice of the tax sale was electronically generated, it was addressed to Citimortgage, as the owner of the property. Hoffman had "no idea" if Citimortgage received that mail. Reproduced Record at 19a.

Hoffman testified that, typically, a month before a Sheriff's foreclosure sale of property, the Sheriff sends the Bureau a list of all foreclosure properties that are going to be sold. The Bureau researches the list and informs the Sheriff, by letter prior to the foreclosure sale, which properties have delinquent and outstanding taxes owing. In this case, the Bureau received notice that the property in question would be sold by the Sheriff, and the Bureau advised the Sheriff that there were outstanding taxes for 2004 and 2005 on the property. Hoffman testified that the Sheriff sometimes collects the delinquent taxes at the time of the foreclosure sale, but he did not do so in this case.

The trial court sustained Citimortgage's objections and exceptions to the sale of its property at tax sale. The trial court ordered Citimortgage to pay the delinquent taxes in the amount of $5,917.29, and voided the sale to KDR. In its PA. R.A.P. 1925(a) opinion, the trial court explained that the Bureau's first statutory notice was invalid because its July 17, 2006, letter was addressed to "Neely Tina" and not Tina Neely, who was the record owner of the property at that time. In the absence of a comma separating the last and first names, the postal carrier could not have known that Tina Neely was the addressee, and this resulted in the Bureau's letter being returned to it. Because the Bureau's first statutory notice was defective, the Bureau's subsequent notices were also void.[5] KDR's appeal is now before this Court.

---

**4.** For example, Hoffman identified a document posted on the property in advance of the tax sale, which listed the owner of the property as Citimortgage. This document was generated on August 21, 2006, and was posted on the property on August 31, 2006. Bureau Exhibit 4.

**5.** The trial court declined to address any other matters raised by KDR. The issues were: (1) whether the Bureau fulfilled all statutory notice obligations; (2) whether the Bureau is obligated to notify a new owner utilizing any

particular form of notice; (3) whether the Bureau satisfied its duty to the new owner by sending notice via first class mail; (4) even if there was a duty owed to Citimortgage, was it obviated by Citimortgage's actual notice of the tax sale; and (5) whether the posting of the tax sale notice satisfied the Bureau's notice requirement to Citimortgage based on the doctrine of implied actual notice and the presumption of regularity of acts of public officers in connection with tax sales. Trial Court Opinion at 1–2.

On appeal,[6] KDR raises two issues. First, KDR argues that the fact that the tax sale notice to the prior owner, Tina Neely, might have been technically defective is irrelevant because the second statutory notice was sent to the property's new owner, Citimortgage. Second, KDR asserts that Citimortgage received the "second notice" sent to Citimortgage at its proper address and, thus, had actual or actual implied notice of the sale, rendering any defects in the first statutory notice irrelevant.

In its first issue, KDR argues that Tina Neely's failure to receive notice of the tax sale is completely irrelevant and, therefore, the trial court erred in finding the lack of a comma in "Neely Tina" to be dispositive. Further, the Bureau fulfilled its statutory obligation by timely sending Citimortgage the second statutory tax sale notice. Citimortgage counters that the Bureau failed to comply with the Tax Sale Law because it did not give Citimortgage notice of the tax sale by certified mail at least 30 days prior to the sale. This failure, it contends, renders the tax sale void.

With respect to tax sales, the Bureau is required to give three separate types of notice: publication at least 30 days prior to the sale; notification to the owner by certified mail at least 30 days prior to the sale; and posting of the property at least ten days prior to the sale. *Wells Fargo Bank of Minnesota v. Tax Claim Bureau of Monroe County,* 817 A.2d 1196, 1198 (Pa.Cmwlth.2003). "If any of the three types of notice is defective, the tax sale is void." *Id.* The Bureau bears the burden of proving strict compliance with applicable notice provisions. *In the Matter of the 2005 Sale of Real Estate by the Clinton County Tax Claim Bureau,* 915 A.2d 719, 724 (Pa.Cmwlth.2007).

The first notice to the owner must precede the tax sale by 30 days and be given by certified mail. Section 602(e) of the Tax Sale Law provides, in relevant part, as follows:

(e) . . . notice of the sale shall also be given by the bureau as follows:

(1) *At least thirty (30) days before the date of the sale, by* United States certified mail, restricted delivery, return receipt requested, postage prepaid, to each owner as defined by this act.[7]

(2) If return receipt is not received from each owner pursuant to the provisions of clause (1), then, at least ten (10) days before the date of the sale, similar notice of the sale shall be given *to each owner who failed to acknowledge the first notice* by United States first class mail, proof of mailing, at his last known post office address by virtue of the knowledge and information possessed by the bureau, by the tax collector for the taxing district making the return and by the county office responsible for assessments and revisions of taxes. It shall be the duty of the

---

**6.** In tax sale cases, this Court's review is limited to determining whether the trial court abused its discretion, clearly erred as a matter of law or rendered a decision with a lack of supporting evidence. *Rice v. Compro Distributing, Inc.,* 901 A.2d 570, 574 (Pa.Cmwlth. 2006).

**7.** Section 102 of the Tax Sale Law defines "Owner" in relevant part as:

the person in whose name the property is last registered, if registered according to law, or, if not registered according to law, the person whose name last appears as an owner of record on any deed or instrument of conveyance recorded in the county office designated for recording. . . .

72 P.S. § 5860.102.

bureau to determine the last post office address known to said collector and county assessment office.

72 P.S. § 5860.602(e) (emphasis added). The crucial inquiry in this case is whether the Bureau satisfied its statutory duty to provide notice to Citimortgage, which was the "owner" divested of its property when the tax sale took place on September 18, 2006.

█ Due process requires that an owner be given notice prior to property being sold at a tax sale. As our Supreme Court has explained:

> Somehow, over the years, taxing authorities have lost sight of the fact that it is a momentous event under the United States and the Pennsylvania Constitutions when a government subjects a citizen's property to forfeiture for the non-payment of taxes.... The collection of taxes ... may not be implemented without due process of law that is guaranteed in the Commonwealth and federal constitutions; and this due process, as we have stated here, requires at a minimum that an owner of land be actually notified by government, if reasonably possible, before his land is forfeited by the state.

*Geier v. Tax Claim Bureau of Schuylkill County,* 527 Pa. 41, 46, 588 A.2d 480, 483 (1991) (quoting *Tracy v. County of Chester, Tax Claim Bureau,* 507 Pa. 288, 297, 489 A.2d 1334, 1339 (1985)). Because of these due process concerns, the "[n]otice provisions of the [Tax Sale] Law are to be strictly construed, and there must be strict compliance with such provisions to guard against deprivation of property without due process of law." *Ali v. Montgomery County Tax Claim Bureau,* 124 Pa. Cmwlth. 557, 562, 557 A.2d 35, 37 (1989).

Here, Section 602(e)(1) of the Tax Sale Law obligated the Bureau to give notice to Citimortgage "[a]t least thirty (30) days before the date of the sale, by United States certified mail." It did not do so. Strict compliance with all notice requirements contained in the Tax Sale Law is an absolute requirement. The fact the Bureau attempted to give this certified mail notice to a person who did not own the property by the day of the sale, *i.e.,* Tina Neely, is simply of no moment.[8] The statute requires that the one who owns the property on the day of the sale receive the certified mail 30 days in advance.

Nevertheless, KDR argues that notice to Citimortgage by certified mail is not always required. In support it directs the Court to *Parkton Enterprises, Inc. v. Krulac,* 865 A.2d 295 (Pa.Cmwlth.2005). In *Parkton,* a sheriff's sale of property in a foreclosure was followed closely in time by an upset tax sale. There, Parkton bought the property at a sheriff's sale on September 4, 2002, and its deed was recorded on September 25, 2002. Because of unpaid taxes, an upset tax sale was held on September 26, 2002, where the Krulacs bought the property. Parkton was not notified in advance of the tax sale. This Court affirmed the trial court's decision to set aside the tax sale. We explained that the Bureau "failed to make a reasonable effort

---

**8.** The language of Section 602(e)(2) of the Tax Sale Law is also instructive in this regard. This section discusses sending a second notice by first class mail *"to each owner who failed to acknowledge the first notice."* 72 P.S. § 5860.602(e)(2) (emphasis added). Obviously, this language references mailing a second notice to the *same entity* that did not receive the initial certified mail. This teaches that the entity getting the second mailing should be the same as the first, *i.e.,* that each owner is entitled to at least an attempt at notification by certified mail, and only if that is unsuccessful may notification be made by first class mail to the *same owner.*

to discover the identity of the new owner of the Property, *i.e.*, Parkton," even though it knew that the property would be sold at a sheriff's sale shortly before the tax sale. *Id.* at 299.

KDR points out that although *Parkton* held that the Bureau is required to notify the new owner prior to the tax sale, it did not specify that this notice must be made by certified mail. However, that issue was not before the Court. *Parkton* does not advance KDR's argument. If anything, it is consistent with our holding here that the notice requirement is absolute. A property that changes owners one day before a scheduled tax sale must be delisted in order to give the new owner at least 30 days advance notice, by certified mail, of the impending tax sale.

In sum, a property may not be sold at a tax sale unless the one who owns the property on the day of the sale is given notice by certified mail of an impending tax sale at least 30 days prior to the sale. The Bureau must be able to produce evidence that it gave this notice to the one who owns the property on the day of the tax sale. If the Bureau cannot produce this proof, the tax sale is invalid. Because the Bureau did not send notice to Citimortgage by certified mail, 30 days before its property was sold, the trial court correctly set aside the tax sale.[9]

**9.** This outcome is not inconsistent with that in *Wells Fargo Bank of Minnesota v. Tax Claim Bureau of Monroe County*, 817 A.2d 1196 (Pa. Cmwlth.2003). There, property was sold at sheriff's sale and was also scheduled to be sold at an upset tax sale. Between the sheriff's sale and the recording of the deed, the Bureau sent out notice of the tax sale by certified mail to the prior owner, who was still the record owner, and she executed a return receipt for the mail. The Bureau later published notice of the sale in a newspaper and legal reporter and posted a notice of sale on the property; however, these notices still

In KDR's next issue, it argues that the second tax sale notice, which was addressed to Citimortgage and sent by first class mail, gave Citimortgage actual notice, or actual implied notice, of the tax sale. Accordingly, Citimortgage's "actual notice" cured the Bureau's failure to comply with Section 602(e)(1) of the Tax Sale Law, 72 P.S. § 5860.602.

It is true that this Court has stated that "when actual notice is established, formal requirements of notice need not be strictly met." *In the Matter of Tax Sales*, 651 A.2d 1157, 1160 (Pa.Cmwlth. 1994). KDR also points to *Sabbeth v. Tax Claim Bureau of Fulton County*, 714 A.2d 514, 517–518 (Pa.Cmwlth.1998), wherein this Court held that strict compliance with the statutory notice requirements is not required where the property owner has actual notice of the tax sale, which encompasses both express actual notice and implied actual notice. Stated otherwise, actual notice is "such notice as is positively proved to have been given to a party directly and personally, or such as he is presumed to have received personally because the evidence within his knowledge was sufficient to put him upon inquiry." *Id.* at 517.

In *Sabbeth*, a tax sale notice was sent by certified mail to the owner, and it was received by the owner more than 30 days before the sale. However, the letter

listed the prior owner despite the fact that the new owner's deed had been recorded in the meantime. This Court set aside the tax sale because the published and posted notices did not list the name and address of the new owner, as required by Section 602 of the Tax Sale Law, 72 P.S. § 5860.602, and the new owner did not receive notice of the tax sale until after it took place. Because it held that the published and posted notices were defective, the Court was not required to determine whether sending certified mail notice to the previous owner, but not to the new owner, rendered the sale void.

sat unopened on the owner's desk for fifty-three days until the day of the sale. This Court held that the property owner had actual notice of the tax sale because, *inter alia*, she regularly visited her office where the unopened letter sat on her desk and she worked directly across the street from the property where notices of the impending tax sale were posted. *Id.*

*Sabbeth* is distinguishable. In that case the owner received the statutory notice 30 days before the sale. Here, by contrast, Citimortgage received, at best, only twelve days notice of the sale and not by certified mail. Further, this is not a case where Citimortgage simply declined to open the envelope, as did the owner in *Sabbeth*. Because the Bureau did not send the prescribed notice to Citimortgage by certified mail 30 days before the tax sale, the sale is void and we need look no further into whether Citimortgage had actual or implied notice.[10]

For the foregoing reasons, we affirm the trial court's order.

### ORDER

AND NOW, this 5th day of August, 2008, the order of the Court of Common Pleas of Dauphin County in the above-captioned case, dated June 8, 2007, setting aside the tax sale is hereby AFFIRMED.

**10.** At any rate, the record contains no evidence that Citimortgage received the second notice or had any kind of notice whatsoever prior to the date of the tax sale. As such, KDR's argument regarding actual notice or actual implied notice must fail.