Theresa LERZA–KEUBLER

v.

**MONROE COUNTY TAX CLAIM BUREAU and Rachael Keller.**

**Appeal of: Rachael Keller.**

Commonwealth Court of Pennsylvania.

Submitted Sept. 11, 2009.

Decided Oct. 15, 2009.

Daniel P. Lyons, Stroudsburg, for appellant.

Edwin Krawitz, Stroudsburg, for appellee, Theresa Lerza–Keubler.

BEFORE: COHN JUBELIRER, Judge, BUTLER, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

Rachael Keller (Keller) appeals from the December 29, 2008, order of the Court of Common Pleas of Monroe County (trial court), which granted the petition to set aside a tax sale filed by Theresa Lerza–Keubler (Lerza–Keubler). We affirm.

Peter and Judith Lerza (together, Lerzas), husband and wife, owned a home located in Tunkhannock Township, Monroe County (Property). Peter died in 2003, and Judith died on October 12, 2006. At the time of her death, Judith lived at 210 Barrett Avenue in Magnolia, New Jersey. Pursuant to Judith's Last Will and Testament, the Surrogate Court of Camden County, New Jersey, named Judith's son, John P. Lerza, as Executor of her estate.

Lerza–Keubler, the Executor's sister, began living at 210 Barrett Avenue in April 2007. When no one paid 2006 taxes on the Property, the Monroe County Tax Claim Bureau (Bureau) sent a tax delinquency notice to the Lerzas at 210 Barrett Avenue. Lerza–Keubler received the notice and gave it to the Executor, who gave it to the estate lawyer, who did not pay the taxes because the estate did not have money to do so.

As a result, the Bureau scheduled a tax sale for September 10, 2008. The Bureau properly advertised the tax sale in the newspapers and properly posted the Property. The Bureau also sent multiple notices of the tax sale to the Lerzas at 210 Barrett Avenue. Although Lerza–Keubler was living at that address and had instructed the post office to forward all of her parents' mail to that address, the notices were returned to the Bureau as unclaimed. At some point, Lerza–Keubler

stopped speaking to her brother and petitioned the Surrogate Court of Camden County for removal of her brother as Executor. On September 2, 2008, the court named Lerza–Keubler as Executrix of her mother's estate.

Prior to the tax sale, Keller visited the Property. Lerza–Keubler was at the Property and saw Keller, who subsequently purchased the Property at the tax sale. The Bureau sent post-sale notice to 210 Barrett Avenue, and the notice was received by Lerza–Keubler. After the tax sale, Keller spoke to Lerza–Keubler. Lerza–Keubler told Keller that she saw a notice posted on the Property but did not understand it.

Lerza–Keubler filed her petition to set aside the tax sale, and a hearing was held before the trial court. After considering the evidence presented, the trial court found that Lerza–Keubler saw the tax sale notice posted on the Property. In addition, the trial court rejected Lerza–Keubler's claim that she did not understand the notice, pointing out her testimony that she worked for the courts and knew about such things. Nevertheless, the trial court set aside the tax sale because, after the post office returned the tax sale notices unclaimed, the Bureau failed to make a reasonable effort to notify the owner of the tax sale by calling the telephone number the Bureau had for Judith Lerza, which was the telephone number of Lerza–Keubler. Keller now appeals to this court.[1]

Keller argues that the trial court erred in setting aside the tax sale after finding that Lerza–Keubler saw the tax sale notice posted on the Property and after rejecting Lerza–Keubler's claim that she did not understand it. Keller maintains that this actual notice of the tax sale cures the Bureau's failure to call a telephone number that it had for Judith Lerza. We disagree.

In *Citimortgage, Inc. v. KDR Investments, LLP*, 954 A.2d 755 (Pa.Cmwlth. 2008), the property owner had actual notice of a tax sale twelve days prior to the sale. However, noting that, by statute, a tax claim bureau must provide owners thirty days prior notice of a tax sale, this court held that the tax sale was void because the property owner did not have timely actual notice. Moreover, this court has stated that a property owner must have actual notice "in sufficient time for her to react to prevent the sale or protect her interests." *Casaday v. Clearfield County Tax Claim Bureau*, 156 Pa. Cmwlth. 317, 627 A.2d 257, 259 (1993); *see also In re Tax Sale of Real Property Situate in Paint Township, Somerset County*, 865 A.2d 1009 (Pa.Cmwlth.2005) (stating that a property owner's actual knowledge of a tax sale must be in time to protect her due process rights).

Here, the record does not establish when Lerza–Keubler had actual notice of the tax sale by seeing the posting.[2] Thus, we cannot conclude that the actual notice in this case cures the Bureau's failure to call the telephone number it had for Judith Lerza. Nor can we conclude that Lerza–Keubler had actual notice in time to prevent the sale or to protect her due process rights.

Accordingly, we affirm.

1. Our review is limited to determining whether the trial court abused its discretion, clearly erred as a matter of law or rendered a decision with a lack of supporting evidence. *Citimortgage, Inc. v. KDR Investments, LLP*, 954 A.2d 755 (Pa.Cmwlth.2008).

2. We note that the Bureau has the burden of establishing compliance with tax sale notice requirements. *Fernandez v. Tax Claim Bureau of Northampton County*, 925 A.2d 207 (Pa.Cmwlth.2007).

*ORDER*

AND NOW, this 15th day of October, 2009, the order of the Court of Common Pleas of Monroe County, dated December 29, 2008, is hereby affirmed.