IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bethel Park School District          :
                                     :
                v.                   :
                                     :
Charles Reynolds,                    :   No. 2618 C.D. 2015
                         Appellant   :   Submitted: May 13, 2016


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI                          FILED: June 9, 2016


        Charles Reynolds (Reynolds)[1] appeals from an order of the Court of
Common Pleas of Allegheny County (trial court) denying his petition to set aside a
sheriff sale of the property located at 5401 Willow Street, Bethel Park,
Pennsylvania (Property).  Because we conclude that notice was properly given and
there was no violation of due process, we affirm.


**I.**

        Reynolds is the owner of the Property and it is undisputed that he
failed to pay real estate taxes on the Property for tax years 1987-1989 and 1991-

---

[1] Jacqueline Reynolds filed this appeal on behalf of Charles Reynolds.  She has Power of
Attorney to act in all ways on his behalf, as well as a quitclaim deed to the property at issue.

2005.  In May 2006, Bethel Park School District (District) filed a writ of scire facias[2] sur tax claim against the Property.  Reynolds subsequently entered into numerous repayment plans to pay on the delinquency.  After various defaults, the District filed a writ of execution and served notice of a sheriff sale on Reynolds with an original sale date of November 4, 2013.

At the request of both Reynolds and the District, the sheriff sale was postponed several times, during which several payments were made on the delinquency with the last payment being received by the District in August 2014.  With no communication from Reynolds at all after August 2014, the District sent a letter to the Property address and the tax bill mailing address by certified mail and U.S. first-class mail on January 8, 2015, advising Reynolds that unless payments were forthcoming, the Property would be sold at a sheriff sale scheduled for May 4, 2015.  When no payments were forthcoming, the Property was sold by the Sheriff to a third party bidder on May 4, 2015.

Reynolds filed a petition in the trial court to set aside the sheriff's sale (Petition) asserting that he failed to receive proper notice of the May 4, 2015 sale.  The deposition of Jacqueline Reynolds was taken and the parties presented oral

---

[2] "A writ of scire facias is a writ authorized to be issued as a means of enforcing payment of a municipal claim out of the real estate upon which such claim is a lien."  *Western Clinton County Municipal Authority v. Estate of Rosamilia*, 826 A.2d 52, 56 (Pa. Cmwlth. 2003) (citing *Black's Law Dictionary* 1208 (5th ed. 1979)).  The purpose of the writ "is ordinarily to ascertain the sum due on a lien of record and to give the defendant an opportunity to show cause why the plaintiff should not have execution."  *Western Clinton County*, 826 A.2d at 56 (citation omitted).

argument, but no hearing was held. The trial court denied Reynolds' Petition and this appeal followed.[3]

## II.

Reynolds first argues that the sheriff sale should be set aside due to the large number of postponements and for "lack of notice." He claims that the only certified mail notice he received for the May 4, 2015 sheriff sale was sent on January 5, 2015. According to Reynolds, this notice was conditional and did not state a date certain upon which the sale would take place. This argument is without merit.

Due process requires that a property owner be given notice prior to his property being sold at a sheriff sale. *Citimortgage, Inc. v. KDR Investments, LLP*, 954 A.2d 755, 758 (Pa. Cmwlth. 2008). Section 602 of the Real Estate Tax Sale Law (Tax Sale Law)[4] requires, *inter alia*, that notice be given to the owner of the property by certified mail at least 30 days prior to the sale. 72 P.S. §5860.602. Because of federal and state due process concerns, "the notice provisions of the [Tax Sale] Law are to be strictly construed, and there must be strict compliance with such provisions to guard against deprivation of property without due process of law." *Citimortgage, Inc.*, 954 A.2d at 759 (citation omitted).

---

[3] Our review is limited to determining whether the trial court abused its discretion, committed an error of law, or rendered a decision unsupported by the evidence. *McElvenny v. Bucks County Tax Claim Bureau*, 804 A.2d 719, 721 (Pa. Cmwlth. 2002).

[4] Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §§5860.101 – 5860.803.

3

The record clearly demonstrates that the District provided Reynolds with notice of the initial sheriff sale by letter dated September 6, 2013, by both personal service and certified mail. (Supplemental Reproduced Record (S.R.R.) at 22b-26b.) Counsel for the District filed an affidavit of service which appears on the trial court docket. (S.R.R. 5b.) The record also demonstrates that the sheriff sale scheduled for February 2, 2015, was postponed[5] to May 4, 2015, and that this postponement was announced publicly by the Sheriff at the February 2, 2015 sale. (Reproduced Record (R.R.) at 34a.) Copies of the motion to postpone the sheriff sale to May 4, 2015, were mailed to the Property address as well as the tax bill mailing address. (R.R. at 31a-35a.) In addition, the District's January 8, 2015 letter states that unless payments were made, the Property would be sold at the scheduled May 4, 2015 sheriff sale and no further continuances would be provided. (R.R. at 51a.) Again, this letter was mailed to both the Property and the tax bill mailing address by U.S. first-class mail and certified mail, signed for and received on January 10, 2015. (R.R. at 51a-54a.) Moreover, counsel for Reynolds agreed during oral argument that notice of the sheriff sale had been provided. (R.R. at 70a.) Given all of the above, there is ample evidence to support the trial court's decision to deny the Petition because Reynolds was provided with adequate notice of the sheriff sale and there was no violation of due process.

---

[5] Several postponements were granted in this case, at least one of which was requested by Reynolds himself. The District sought these postponements in order to provide Reynolds with additional time to satisfy the tax delinquency. Given these facts, Reynolds' argument that the "large number" of postponements deprived him of due process is somewhat disingenuous.

4

Reynolds' reliance upon *Jones v. Flowers*, 547 U.S. 220 (2006), that he was not given sufficient notice, is misplaced. In that case, the commissioner mailed two letters to the property owner via certified mail attempting to notify him of his tax delinquency and the fact that his property would be sold if he did not pay his taxes. *Id.* at 223-24. Both certified letters were returned unopened and marked "unclaimed." *Id.* The commissioner took no additional steps to notify the owner, and the property was then sold at a tax sale. *Id.* at 224. The Supreme Court held that notice was inadequate and that "there was more that reasonably could be done" to notify the owner before his property was sold. *Id.* at 238. In this case, though, the record clearly indicates that notice of both the initial and the May 4, 2015 sheriff sales were mailed to Reynolds via certified mail, and that both notices were signed for and received. Therefore, *Jones* does not support Reynolds' argument that the District failed to provide him with adequate notice.

**III.**

Reynolds also argues that his due process rights were violated because he was not provided with new notice after the postponement pursuant to Pennsylvania Rule of Civil Procedure No. 3129.3. Rule 3129.3(a) provides, "[e]xcept as provided by subdivision (b) *or special order of court*, new notice shall be given as provided by Rule 3129.2 if a sale of real property is stayed, continued, postponed or adjourned." Pa. R.C.P. No. 3129.3(a) (emphasis added). The trial court's order in this case dated October 30, 2013, postponed the initial sheriff sale scheduled for November 4, 2013, and specifically stated that "no further notice or advertis[ement] is required so long as the Sheriff announces this postponement." (R.R. at 43a.) Similarly, the trial court's February 27, 2015 order ratified the

5

postponement of the sheriff sale until May 4, 2015, "without new notice or further advertisement." (R.R. at 36a.) Therefore, pursuant to Rule 3129.3(a), the District was not required to provide Reynolds with new notice and no violation of due process occurred.[6]

Accordingly, the order of the trial court is affirmed.

DAN PELLEGRINI, Senior Judge

---

[6] Reynolds also argues that the District did not comply with Pa. R.C.P. No. 3129.3 because it did not file a notice of continued sale with the Department of Court Records after each of the postponements. Despite not being required to do so, review of the trial court docket reveals that notices were, in fact, filed with the Department of Court Records. (S.R.R. at 3b-4b.)

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bethel Park School District      :
                                   :
          v.                  :
                                   :
Charles Reynolds,           :
               Appellant  :  No. 2618 C.D. 2015

# **O R D E R**

AND NOW, this 9<u>th</u> day of June, 2016, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby affirmed.

 

 

DAN PELLEGRINI, Senior Judge