HYMY PM, LLC                     :

                                 :

           v.                 :     No. 604 C.D. 2024

                                 :     Submitted: October 7, 2025

Delaware County Tax Claim Bureau   :

and Nelson Cruz, LLC               :

                                 :

Appeal of: Nelson Cruz, LLC       :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
               HONORABLE STACY WALLACE, Judge
               HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
PRESIDENT JUDGE COHN JUBELIRER       FILED: April 8, 2026

     Nelson Cruz, LLC (Purchaser) appeals from an Order of the Court of Common Pleas of Delaware County (common pleas), which set aside an upset tax sale on the basis that the Delaware County Tax Claim Bureau (Bureau) did not exercise reasonable efforts to locate the record owner, HYMY PM, LLC (Taxpayer), after notices of the sale were returned as undeliverable. Purchaser challenges the sufficiency of Taxpayer's Petition to Set Aside Upset Tax Sale (Petition) and asserts its due process rights were violated because the Petition did not identify the basis of the alleged notice deficiency. Based upon common pleas' well-reasoned opinion, we affirm.

     The subject of this appeal is a vacant, commercial property located at 1100-1108 Chester Avenue, Yeadon, Delaware County (Property). The Property was

owned by Taxpayer since 2019. It was listed for upset tax sale for delinquent taxes and was sold to Purchaser on September 21, 2023. On November 1, 2023, Taxpayer filed the Petition, asserting, in relevant part:

> 5. [Taxpayer] only received notice of the sale afterwards on or about October 25, 202[3[1]], by certified mail letter sent by the Bureau.
>
> 6. [The] Bureau failed to serve [Taxpayer] as owner of the [P]roperty with notice of the sale as required.

(Petition ¶¶ 5-6, Reproduced Record at 2a.)

A hearing was scheduled, at which Taxpayer, Purchaser, and the Bureau were represented by counsel.[2] At the hearing, Taxpayer stipulated the publication and posting of the Property were proper. (*Id.* at 15a.) Taxpayer, however, asserted that notice was not proper under Section 602 of the Real Estate Tax Sale Law (RETSL).[3] Hyung Park, owner and sole shareholder of Taxpayer, testified that when the store located on the Property was open, mail from the Bureau was received at the Property's address, but the address was changed in August 2023, after the store closed. (*Id.* at 20a-22a.) Taxpayer introduced an August 9, 2023 email to the Bureau reflecting the change in address to 42 Southwood Drive, Cherry Hill, New Jersey. (*Id.* at 45a-47a.) Taxpayer also presented copies of a notice concerning the tax sale sent on July 21, 2023, to the Property's address, and the accompanying envelope that was returned and marked "vacant" and "unable to forward." (*Id.* at 19a-20a, 41a-44a.) Park further testified he called the Bureau since he had not received taxes and paid the 2022 and 2023 taxes. (*Id.* at 23a.) In support, Taxpayer submitted a

---

[1] This appears to be a typographical error given the testimony and documentary evidence presented.

[2] The Bureau took no position at the hearing and did not file a brief before this Court.

[3] Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. § 5860.602.

2

printout obtained from the Bureau's file, with a handwritten statement "Paid County tax 8-16-23—via Lockbox," and "Date mailing address was changed per request of owner," with an arrow pointing to an August 9, 2023, date. (*Id.* at 24a-25a, 48a.) Park further testified he first learned of the sale after receiving a letter at the new mailing address in New Jersey that he previously provided. (*Id.* at 25a, 49a.)

By Order exited April 9, 2024, common pleas granted the Petition and set aside the sale, concluding the "Bureau knew the exact and correct mailing address of [Taxpayer] and did not make any effort to contact [Taxpayer] at this address." (*Id.* at 59a.) Purchaser filed a timely Notice of Appeal.

On appeal,[4] Purchaser argues its procedural due process rights were violated when the sale was set aside because the Petition did not put Purchaser on notice as to what notice deficiencies were alleged. According to Purchaser, the Petition only vaguely asserted Taxpayer had not been served with notice of the sale. In Purchaser's view, this relates to the Bureau's obligations under Section 601(a)(3) of the RETSL, 72 P.S. § 5860.601(a)(3), which is only applicable to owner-occupied properties, not vacant, commercial properties, such as this. Purchaser also points to Section 602(h) of the RETSL, which provides that "[n]o sale shall be defeated and no title to property sold shall be invalidated because of proof that mail notice as herein required was not received by the owner, provided such notice was given as [prescribed] by this [S]ection." (Purchaser's Brief (Br.) at 10 (quoting 72 P.S. § 5860.602(h)).) Purchaser requests the Court remand the matter for common pleas to conduct an evidentiary hearing on whether the Bureau complied with the RETSL.

---

[4] In a tax sale case, the Court's review "is limited to determining whether the trial court abused its discretion, erred as a matter of law, or rendered a decision not supported by substantial evidence." *In re Balaji Invs., LLC*, 148 A.3d 507, 509 n.2 (Pa. Cmwlth. 2016).

3

Taxpayer responds that common pleas properly set the upset tax sale aside as "[t]he Bureau failed to use even the bare minimum effort to find [Taxpayer] to effectuate notice as required by" Sections 602 and 607(a) of the RETSL, 72 P.S. §§ 5860.602, 5860.607(a). (Taxpayer's Br. at 5.) Taxpayer asserts the Petition alleged the Bureau did not serve Taxpayer as the RETSL required and that the Taxpayer only received notice via certified letter after the sale occurred. Taxpayer argues the Petition rebutted the presumption of regularity, and the Bureau bore the initial burden to establish strict compliance with the RETSL. The Bureau put forth no such evidence. Thus, Taxpayer asks the Court to affirm common pleas' Order setting aside the sale.

Upon careful review of the record, the parties' briefs, and the law, we conclude the appellate issues have been ably resolved in the thorough and well-reasoned opinion of the late Judge Barry C. Dozor filed pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), Pa.R.A.P. 1925(a) (Rule 1925(a) Opinion). *See HYMY PM, LLC v. Del. Cnty. Tax Claim Bureau* (C.C.P. Del. Cnty., No. CV-2023-009308, filed July 1, 2024). Therefore, we adopt common pleas' Rule 1925(a) Opinion, which is appended hereto, and affirm common pleas' Order.

_____
RENÉE COHN JUBELIRER, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| HYMY PM, LLC | : | |
| | : | |
| v. | : | No. 604 C.D. 2024 |
| | : | |
| Delaware County Tax Claim Bureau | : | |
| and Nelson Cruz, LLC | : | |
| | : | |
| Appeal of: Nelson Cruz, LLC | : | |

**O R D E R**

NOW, April 8, 2026, the Order of the Court of Common Pleas of Delaware County, entered in the above-captioned matter, is **AFFIRMED**.

_____
RENÉE COHN JUBELIRER, President Judge

**IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA**
**CIVIL DIVISION**

| | |
|---|---|
| HYMY PM LLC | : |
|         Plaintiff/Appellee | : NO:  CV- 2023-009308 |
| v. | :        604 CD 2024 |
| | : |
| DELAWARE COUNTY TAX CLAIM | : Premises: 1100-1108 Chester Avenue, |
| BUREAU | :        Yeadon, PA 19050 |
|         Defendant/Appellee | : |
| | : |
| NELSON CRUZ LLC | : FOLIO 48-00-00772-00 |
|         Respondent /Appellant | : |

Kevin McGarrey, Esquire, for Plaintiff/Appellee
Sherri Eyer, Esquire, for Defendant/Appellee Delaware County Tax Claim Bureau
Michael P. Dignazio, Esquire for Nelson Cruz LLC/Respondent/Appellant

**O P I N I O N**

Dozor, J.                                                                                       July 1st 2024

<u>NATURE AND HISTORY OF THE CASE:</u>

This is an Appeal from the Court's April 8, 2024 Order[1] which granted the Petition

to Set Aside Upset Tax Sale of the Premises 1100-1108 Chester Avenue,  Yeadon,

Delaware  County,  Pennsylvania  19050  FOLIO  48-00-00772-00,  that  was  filed  on

November 1, 2023 by Plaintiff (hereinafter "Appellee") naming both Defendant Delaware

County Tax Claim Bureau and Respondent Nelson Cruz, LLC (hereinafter "Appellant"),

who was the purchaser of the Property, in the Petition. The nature and history of this

case is as follows:

Appellee  was  the  record  owner  of  the  property,  1100-1108  Chester  Avenue,

Yeadon, Delaware County, Pennsylvania 19050 FOLIO 48-00-00772-00, (hereinafter the

---

[1] This Court notes that the Order was dated by the Order on April 8, 2024 and sent to all Counsel by
Chambers as is Chambers' custom. This Court also notes that the Delaware County Office of Judicial
Support did not Docket this Order and send the Rule 236 Notice until April 9, 2024.

"Property"). Respondent/Appellant, Nelson Cruz, LLC was the highest bidder at the Upset Tax Sale and was the owner of the Property at the time of the Hearing on the underlying Petition.

Appellee had owned the Property in question, 1100-1108 Chester Avenue, Yeadon, Delaware County, Pennsylvania 19050 FOLIO 48-00-00772-00, which was a commercial Property. As a result of an alleged unresolved delinquency, Appellee, the Tax Claim Bureau the Property proceeded to Upset Tax Sale on September 21, 2023 and was purchased by Appellant.

On November 1, 2023 Appellee filed the Petition to Set Aside the Upset Tax Sale, which was not Answered by Appellant/Intervenor, despite Counsel having filed an Entry of Appearance within fourteen (14) days of the filing of the Petition.

The Petition to Set Aside the Upset Tax Sale was originally scheduled a Hearing on February 2, 2024; however, it was continued and the Hearing on the outstanding Petition to Set Aside Upset Tax Sale was held by the undersigned on April 2, 2024

On April 2, 2024, the Court held a Hearing on the matter, took the case under advisement, received Proposed Findings of Fact and Conclusions of Law from the parties and thereafter issued an Order Granting the Petition to Set Aside the Upset Tax Sale on April 8, 2024.

On April 25, 2024, Respondent/Appellant filed the underlying Appeal and on May 15, 2024[2], this Court issued an Order Requiring a Concise Statement of Matters

---

[2] This Court notes that this Order was not docketed by the Office of Judicial Support until June 5, 2024.

Complained of on Appeal. On May 24, 2024 Appellant filed his Concise Statement of

Matters Complained of on Appeal, raising the following allegations of error:

1. The Petition to Set Aside Upset Tax Sale does not assert any failure by the Tax Claim Bureau to properly publish, post, or mail Notice of Sale as required by Section 602 of the Pennsylvania Real Estate Tax Sales Law. 72 P.S. § 5860.602

2. The Petition to Set Aside Upset Tax Sale asserts only that the Tax Claim Bureau failed to personally serve Notice of Sale upon the Petitioner whose testimony confirmed that he was never a resident in the subject property, a commercial building.

3. The presumption of regularity which attaches to tax sales cannot be overcome by a pleading which fails to assert any violation of 72 P.S. § 5960. 602[3] whatsoever.

FACTS:

Appellee HYMY PM LLC was the record owner of the property. At the Hearing on

the Petition to Set Aside the Upset Tax Sale, Appellee record owner stipulated to the

publication and positing of the property. The only objection was the Section 602 mailing

was not done. During the Hearing, the Court heard the testimony of Young Park, the

owner and sole shareholder of HYMY PM LLC. Mr. Park through Appellee purchased the

Property in 2019, a commercial property, for $315,000 and there was a mortgage on the

Property. At the time of the Hearing, the Property was vacant. Mr. Park testified that at

the time the Property was purchased, it was occupied; however, the store closed during

COVID. Mr. Park further testified that when the store was open, the mail from the

Delaware County Tax Claim Bureau was received at the Property's address; however, the

---

[3] The Court notes that this Section cited by Appellant must be a typographically error as that section does not exist. Therefore, the Court will analyze the issue using 72 P.S. Section 5860.602.

closure, the address was changed to another address on August 9, 2023. *See* Plaintiff's Exhibits, P-4 and P-5.

Mr. Park testified and the evidence presented confirms that on August 16, 2023, the taxes were paid on "8/16/23 via lockbox." *See* Plaintiff's Exhibit, P-5. Appellee credibly testified that he only became aware the Property sold at the September 22, 2023 Upset Tax Sale when he received the letter in the mail, to the new mailing address. *See also* Plaintiff's Exhibit, P-6.

DISCUSSION:

In proceeding to an Upset Tax Sale, the Tax Claim Bureau is bound to follow the rules of the Pennsylvania Real Estate Tax Sale Law (RETSL). Title 72 Pennsylvania Statute Annotated Section 5860.602 lays out the rules for Notice of Sale. The purpose of the RETSL is "for the collection of taxes and is not intended to create investment opportunities for others, or to strip taxpayers of their properties." ***Brodhead Creek Assocs., LLC v. Cty. of Monroe***, 231 A.3d 69 (Pa. Commw. Ct. 2020) citing ***Jenkins v. Fayette County Tax Claim Bureau***, 176 A.3d 1038, 1043 (Pa. Cmwlth. 2018). The Appellate Courts have continually held that, the Real Estate Tax Sale Law's "notice provisions are to be strictly construed, and… strict compliance with such provisions is necessary to guard against deprivation of property without due process." ***Donofrio v. Northampton Cty. Tax Claim Bureau***, 811 A.2d 1120, 1122 (Pa. Commw. Ct. 2002).

With respect to Upset Tax Sales, the Tax Claim Bureau is required to give three (3) separate types of notice to the owners of the property for sale:

> publication at least 30 days prior to the sale; notification to the owner by certified mail at least 30 days prior to the sale; and posting of the property at least ten days prior to the sale.

*Citimortgage, Inc. v. KDR Investments, LLP*, 954 A.2d 755, 758 (Pa.Cmwlth. 2008) *citing* *Wells Fargo Bank of Minnesota v. Tax Claim Bureau of Monroe County,* 817 A.2d 1196, 1198 (Pa.Cmwlth.2003). The decisions of the Appellate Courts are clear that "[i]f any of the three types of notice is defective, the tax sale is void." *Id.* Furthermore, the Tax Claim Bureau has the burden of proving strict compliance with the applicable notice provisions. *In the Matter of the 2005 Sale of Real Estate by the Clinton County Tax Claim Bureau,* 915 A.2d 719, 724 (Pa.Cmwlth.2007). Courts must balance the Pennsylvania Real Estate Tax Sale Law's purpose and the protection of property owner's rights with the critical issue of maintenance of the efficiency of our governmental systems, or the system will not work for anyone. There is a difference between strict compliance with the Pennsylvania Real Estate Tax Sale Law's notice requirements and going far above and beyond what is reasonable in any one case.

This Court notes that Appellant initially argues that Appellee in his Petition to set Aside, failed to specify the grounds or section upon which notice was deficient and therefore, Appellant could not cognizably ascertain that reason and could not defend the sale. This Court determines that this issue is of no merit. A clear review of the Petition to Set Aside demonstrated to the undersigned that Appellee raised the issue of Notice in paragraphs five (5) and six (6) wherein Appellee alleges that he only received Notice of

the Sale via certified mail after the sale occurred. This Court also notes that the Petition to Set Aside was filed less than a week after that certified mail was sent to Appellee. This Court notes that while Appellee might not have cited to the specific subsections or listed how many types of notices were deficient; nevertheless, the Petition to Set Aside clearly demonstrated to the Tax Claim Bureau and Appellant that the "notice" requirement was deficient. This Court held a Hearing on the matter and Appellant was provided notice of what deficiencies were being pursued and which were conceded and this Court would have granted a continuation of the Hearing should it have been required or requested by any Counsel to sufficiently defend the allegations of deficient notice.

Moreover, the Appellate Courts have consistently held that when a tax payer, such as the Appellee here, has filed exceptions to a tax sale, this filing, rebuts the *presumption of regularity*, putting the initial burden on the tax claim bureau to show that it strictly complied with the notice requirements of the Tax Sale Law. ***Gutierrez v. Washington Cnty. Tax Claim Bureau***, 260 A.3d 291, 295 (Pa. Cmwlth. 2021); ***Famageltto v. County of Erie Tax Claim Bureau***, 133 A.3d 337, 348 (Pa. Cmwlth. 2016). This case law rebuts the allegation of Appellant that the presumption of regularity is not overcome by the pleadings of exceptions, the Petition to Set Aside Upset Tax Sale, filed by Appellee. Therefore, this allegation has no merit and the Appeal should be dismissed.

In Appellant's final allegation of error, Appellant argues that Appellee only asserts failure of the Tax Claim Bureau to personally serve Notice of the Sale[4], and that since he

---

[4] This Court notes that Appellee conceded during the Hearing that the Property was empty, that publication was properly made, and the posting was properly done.

was not a resident of the Property but merely a record owner of the commercial property in question, personal service was not necessary. Appellant argued that under Section 601 the notice is limited to owner occupiers which is not applicable because this is a commercial property and that in this case Section 602(h) applies. This Court notes that the Pennsylvania Real Estate Tax Sale Law does provide specific notice requirements for owner occupied property as to the date of the sale. Section 5860.601 specifically states as follows:

> (3) No owner-occupied property may be sold unless the bureau has given the owner occupant written notice of such sale at least ten (10) days prior to the date of actual sale by personal service by the sheriff or his deputy or person deputized by the sheriff for this purpose unless the county commissioners, by resolution, appoint a person or persons to make all personal services required by this clause. The sheriff or his deputy shall make a return of service to the bureau, or the persons appointed by the county commissioners in lieu of the sheriff or his deputy shall file with the bureau written proof of service, setting forth the name of the person served, the date and time and place of service, and attach a copy of the notice which was served. If such personal notice cannot be served within twenty-five (25) days of the request by the bureau to make such personal service, the bureau may petition the court of common pleas to waive the requirement of personal notice for good cause shown. Personal service of notice on one of the owners shall be deemed personal service on all owners.

**72 P.S. § 5860.601**

The notice requirements of Section 5860.602 remain and are mandatory and must be strictly construed. ***In re Sale of Real Estate by Lackawanna County Tax Claim Bureau***, 255 A.3d 619, 628 (Pa. Cmwlth. 2021). Appellant alleges that only Section

5860(h), is specifically applicable because the property was owned by a corporation, states:

(h) In case the property of any corporation, limited partnership or joint-stock association is advertised for sale, the bureau shall give to the Department of Revenue, at least thirty (30) days prior to the date of the scheduled sale, notice of the sale by certified mail on a form provided by the Department of Revenue which shall set forth (1) the name and address of the bureau, (2) the date of the sale, (3) the name and address of each corporation, limited partnership or joint-stock association, if any, whose property is scheduled for sale and (4) the total number of corporations, limited partnerships and joint-stock associations whose properties are scheduled for sale. Upon receipt of the notice and at least seven (7) days before the date of sale listed on the notice, the Department of Revenue shall mail to the bureau, by certified mail, a proof of claim for payment of Commonwealth taxes which are accorded priority by section 1401 of the act of April 9, 1929 (P.L. 343, No. 176), known as "The Fiscal Code."[1] The bureau shall include in the upset sale price of each said property the amount of Commonwealth taxes set forth on the proof of claim received from the Department of Revenue. If the bureau complies with the notice of provisions of this section and the Department of Revenue fails to mail to the bureau, at least seven (7) days before the date of sale listed on said notice by verification by the postmark, by certified mail, the proof of claim required by this section, the lien upon said property shall be forever discharged and divested, notwithstanding any other provision of this act or other law to the contrary. If the bureau does not receive a reply from the Department of Revenue prior to the scheduled date of the sale, it shall be the duty of the bureau to contact the department to determine if such reply was mailed. The bureau may then opt to reschedule the sale if circumstances warrant. No owner shall attack the validity of any sale on the basis that the bureau failed to give the notice required by this section.

No sale shall be defeated and no title to property sold shall be invalidated because of proof that mail notice as herein required

was not received by the owner, provided such notice was given as prescribed by this section.

**72 P.S. § 5860.602(h).**

Appellant attempts to "hang his hat" on that last paragraph of Section 5860.602(h), "No sale shall be defeated and no title to property sold shall be invalidated because of proof that mail notice as herein required was not received by the owner...." However, Appellant fails to recall the last portion of that sentence, which unambiguously states that that sale is not defeated, "*provided such notice was given as prescribed by this section.*" Section 5860.602(h) (italics added). This Court notes that Notice via publication and posting was conceded; however, 72 P.S. Section 5860.602(e) remains applicable. Section 5860.602(e) states

> (e) In addition to such publications, similar notice of the sale shall also be given by the bureau as follows:
>
> (1) At least thirty (30) days before the date of the sale, by United States certified mail, restricted delivery, return receipt requested, postage prepaid, to each owner as defined by this act.
>
> (2) If return receipt is not received from each owner pursuant to the provisions of clause (1), then, at least ten (10) days before the date of the sale, similar notice of the sale shall be given to each owner who failed to acknowledge the first notice by United States first class mail, proof of mailing, at his last known post office address by virtue of the knowledge and information possessed by the bureau, by the tax collector for the taxing district making the return and by the county office responsible for assessments and revisions of taxes. It shall be the duty of the bureau to determine the last post office address known to said collector and county assessment office.

> (3) Each property scheduled for sale shall be posted at least ten (10) days prior to the sale.

72 P.S. § 5860.602(e).

This Court also notes that while the Delaware County Tax Claim Bureau attempted to serve Notice of Sale by certified mail, the return receipt was not signed by Appellee and the mail was returned with the handwritten notation "VAC". *See* Plaintiff's Exhibit, P-2. The Appellate Courts have unswervingly held that if there is a signature on the return receipt, that is the name of someone other than that of the owner of the corporation or any other individual authorized to sign for the owner, that is insufficient to satisfy the tax bureau's certified mail notice obligation. **FS Partners v. York Cnty. Tax Claim Bureau**, 132 A.3d 577, 582 (Pa.Cmwlth. 2016) *citing* **Perma Coal–Sales, Inc.,** 162 Pa.Cmwlth. 7, 638 A.2d 329, 331 (1994) (signatures of persons who lacked authority to act for corporation insufficient); **Gill v. Tax Claim Bureau of Monroe County,** 151 Pa.Cmwlth. 166, 616 A.2d 198, 199 (1992) (wife's signature of her own name insufficient to constitute return receipt for husband's notice); **Ali v. Montgomery County Tax Claim Bureau,** 124 Pa.Cmwlth. 557, 557 A.2d 35, 37 (1989) (signature of name other than owner insufficient absent evidence that signer had authority to accept mail for owner); **Mangine Appeal,** 87 Pa.Cmwlth. 47, 487 A.2d 45, 46–47 (1985) (wife's signature of her own name insufficient to constitute return receipt for husband's notice); *see also* **Estate of Smith v. Pike County Tax Claim Bureau,** (Pa.Cmwlth., No. 841 C.D.2011, filed Dec. 19, 2011), slip op. at 8–9, 2011 WL 10844286 at *4 (return receipt stamp of post office not shown to have authorization to accept mail for owner insufficient).

Therefore, this Court determined that as where there is no signature, where the mail was returned as the Property was vacant, the mailings were not provided in accordance with Pennsylvania Real Estate Tax Laws. The Commonwealth Court has consistently held that "[t]he purpose of a tax sale is not to strip an owner of his property but rather to insure the tax on the property is collected." *In re 2005 Sale of Real Estate by Clinton Cnty. Tax Claim Bureau Delinquent Taxes*, 915 A.2d 719, 724 (Pa.Cmwlth. 2007), *as amended* (Apr. 4, 2007) *citing* *Murphy v. Monroe County Tax Claim Bureau,* 784 A.2d 878, 883 (Pa.Cmwlth.2001).

In the case *sub judice*, the Court has a property owner who testified that he has the means to satisfy the monies due and owing on the Property and that money was available prior to the sale. It belies common sense that a property owner, who had the means and motive and opportunity to pay prior to the sale of their property, would purposely fail to appear or pay their monies due and owing. The Court Order served justice and equity and complied with the rule of law.

CONCLUSION:

For all the foregoing reasons, this Court did not err in issuing the Order on April 8, 2024.

BY THE COURT:

_____
BARRY C. DOZOR, J.

FILED 015 DELAWARE CO.
2024 JUL 2 AM 11:54:00