638 A.2d 329

**PERMA COAL–SALES, INC., Appellant,**

v.

**CAMBRIA COUNTY TAX CLAIM BUREAU and County of Cambria.**

Commonwealth Court of Pennsylvania.

Argued Nov. 17, 1993.

Decided Feb. 7, 1994.

8

Stuart M. Levine, for appellant.

Andrew D. Gleason, for appellee.

Before CRAIG, President Judge, and COLINS, McGINLEY, SMITH, PELLEGRINI, FRIEDMAN and KELLEY, JJ.

McGINLEY, Judge.

Before this Court for reargument is an appeal on behalf of Perma Coal–Sales, Inc. (Perma) from a decision and order of the Court of Common Pleas of Cambria County (trial court) which denied Perma's request to set aside a tax sale conducted by the Cambria County Tax Claim Bureau (the Bureau). We reverse the trial court and set aside the tax sale.

On September 10, 1990, the Bureau conducted a tax sale of Perma's property located in East Carroll Township[1] as a result of delinquent taxes. Thereafter, Perma filed "an amended complaint containing exceptions to tax sales," alleging that the Bureau failed to comply with the notice requirements of the Real Estate Tax Sale Law[2] (Tax Law). The trial court ruled upon the Bureau to show cause why the sale of the property should not be set aside.[3] On July 22, 1992, the trial court, after a hearing, filed an opinion wherein it determined that the Bureau had complied with the Tax Law's notice requirements and entered an order denying Perma's request to set aside the tax sale.

Perma argues that the trial court erred and abused its discretion in concluding that the Bureau demonstrated compliance with the notification requirements of the Tax Law. We note that our scope of review in the tax sale case is to

1. The property sold was Property No. 21–2119, Lot No. 21–016–103, Control No. 21–53893.

2. Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §§ 5860.101–5860.803.

3. The trial court fixed a return date for the rule and directed the Bureau to give notice of said rule to the purchaser of the premises at the sale. The record reveals that the purchaser did not participate in the hearing.

determine whether the trial court abused its discretion, rendered a decision with lack of supporting evidence or clearly erred as a matter of law. *Chester County Tax Claim Bureau v. Griffith,* 113 Pa.Commonwealth Ct. 105, 536 A.2d 503 (1988).

Section 602 of the Tax Law sets forth three types of notice, namely publication, United States certified mail and posting, with which the taxing authority must comply to validly sell property for delinquent taxes. If any one of the three types of notification is not provided by the taxing authority, the sale of the property will be set aside. *See In re Exceptions to Tax Sale of Property of Mochan,* 94 Pa.Commonwealth Ct. 423, 503 A.2d 1051 (1986).

Perma contends that the Bureau did not demonstrate compliance with the United States certified mail notification requirement of the Tax Law or the posting requirement.[4] We need only address the issue of whether the Bureau complied with the certified mail notification requirements of the Tax Law. Section 602(e)(1) sets forth the requirements which the taxing authority must meet when providing a property owner with notification by mail of a tax sale. This section provides:

(e) In addition to such publication, similar notice of the sale shall also be given by the bureau as follows:

(1) At least thirty (30) days before the date of the sale, by United States certified mail, restricted delivery, return receipt requested, postage prepaid, to each owner as defined by this act.

Our review of the trial court's opinion indicates that the trial court found as a fact that Edward Ratay, the brother of Joyce Beer (Ms. Beer), the sole shareholder of Perma, received and signed for the Bureau's notices.[5] Hence, the trial court con-

4. No issue concerning notification by publication is before us.

5. In its opinion, the court states, "The evidence is clear that the brother *did* act on behalf of the corporation, and that others, including the Cambria County Tax Claim Bureau, relied on his apparent authority. Since the brother had authority to sign for the notice, notice was not defective. Because notice was not defective, the sale will not be set aside." Trial Court's Opinion, July 27, 1992, at 5 (emphasis in original).

cluded, based on a theory of implied agency and apparent authority, as indicated by the fact that Edward Ratay had received certified mail in the past for Perma, that he was authorized to sign the receipts in the present case.[6] However, it is clear from the record that Edward Ratay did not sign the receipts for the notices and thus the trial court's conclusion is unsupported by the evidence of record.

The relevant facts reflect that Perma's corporate address, as indicated by its certificate of incorporation, is "R.D. # 1, Box 198A, Penn Runn, PA 15765." *See* Reproduced Record (R.R.) at 79. On June 9, 1990, the Bureau sent a certified letter to "Perma Coal–Sales, Inc., R.D. # 1, Box 198, Penn Run, PA 15765." It is undisputed that mail addressed to both Box 198A and Box 198 is placed in the Box 198 mailbox belonging to Edward Ratay. However, the Bureau's first notice was accepted and signed for by Retha Rhoades, a housekeeper for Edward Ratay. On July 20, 1990, the Bureau sent another certified letter to the same address. This letter was accepted and signed for by Helen Ratay, the wife of Edward Ratay. These letters were placed in a pile with other certified letters and were not discovered by Edward Ratay until the day of the tax sale when he questioned prospective purchasers who came to view the subject property. R.R. at 67–68.

In *Ali v. Montgomery County Tax Claim Bureau*, 124 Pa.Commonwealth Ct. 557, 557 A.2d 35 (1989), we held that notice of an impending tax sale was insufficient where the return receipts were not *signed* by a person authorized to

6. We agree with Judge Pellegrini (concurring opinion) that pursuant to the United States Postal Service Domestic Mail Manual, mail marked "Restricted Delivery" should only be received by the specifically named addressee or an agent who has been authorized in writing via Postal Form 3849. However, in the present case the issue of whether the Postal Service was given written authorization to deliver Perma's restricted mail to Edward Ratay was not raised by the parties or addressed by the trial court. As a result, this issue is not properly before this Court.

accept mail for the addressee. *Id.* at 561–62, 557 A.2d at 37.[7] Such is also the case here.

The Bureau did not establish before the trial court that either Retha Rhoades or Helen Ratay, who actually signed the receipts, had any apparent authority to accept mail for Perma. Neither Retha Rhoades or Helen Ratay were called as witnesses by the Bureau. Further, Ms. Beer testified that Retha Rhoades and Helen Ratay were not authorized to accept mail on behalf of Perma. R.R. at 23. Although we acknowledge that these letters were received at Edward Ratay's address, we emphasized in *Ali* that the notice provisions of the Tax Law must be *strictly* complied with in order to guard against deprivation of property without due process. *Id.* at 562, 557 A.2d at 37.

Inasmuch as we conclude that the Bureau's mail notice did not comply with the Tax Law, we need not address whether the Bureau's posting was proper. A tax sale is invalidated if any of the three types of notice required by the Tax Law is missing. *Ali.*

Accordingly, we reverse the order of the trial court and set aside the September 10, 1990, tax sale of Perma's property.

## ORDER

AND NOW, this 7th day of February, 1994, the order of the Court of Common Pleas of Cambria County in the above-captioned proceeding is reversed and the September 10, 1990, tax sale of Appellant Perma Coal–Sales Inc.'s property is set aside.

SMITH, J., dissents.

7. In *Ali* the tax bureau sent two notices. The first was addressed to "Ali Muhammad, c/o J. Colehower, Esq., Centre Sq. W. 38th Flr., Phila., PA 19102." The second was addressed to Ali Muhammad at the same address, but "c/o Saul, Ewing, Remick and Saul." *Id.* at 561, 557 A.2d at 37. Both letters were marked certified, restricted delivery, return receipt requested. The return receipts for both letters were signed by "S. Croom." *Id.* The trial court found the mail notice faulty because the Bureau did not establish that S. Croom was authorized to accept mail for Ali and this Court agreed. *Id.*

PELLEGRINI, Judge, concurring.

I concur in the result reached by the majority, but write separately because I do not believe that it is proper to inquire whether anyone other than Joyce Beer had "apparent authority" to receive restricted delivery mail on behalf of Perma Coal–Sales, Inc.

Section 602(e)(1) of the Tax Law mandates that a property owner be provided with notice that is mailed *"Restricted Delivery."* Restricted Delivery is defined exclusively by the provisions of the United States Postal Service Domestic Mail Manual (DMM), which carry the force of federal regulations. 39 C.F.R. §§ 111.1–111.5 (1988); *Frank Mastolini & Sons v. United States Postal Service,* 546 F.Supp. 415 (S.D.N.Y.1982). Pursuant to DMM §§ 911.43, 933.1 and 933.41, Restricted Delivery is available solely to specifically named individuals or those agents authorized in writing via a Postal Form 3849 to receive delivery. *Polarine v. Tax Claim Bureau of the County of Chester,* 125 Pa.Commonwealth Ct. 622, 557 A.2d 1175 (1989). Accordingly, the only proper inquiry is whether the notice received was done so by a party explicitly authorized by the postal service to do so. As there is no evidence in the record that the notice was received by any individual authorized to accept Restricted Delivery mailings as required by postal regulations, the sale must be set aside for failure to comply with the notice provisions of the Tax Law.