**Morrissey v. Monroe**

568

*John D. Michelin*, for petitioner.

*Mark S. Love* and *Todd W. Weitzmann*, for respondents.

ZULICK, *J.*, March 10, 2014—William J. Morrissey III, Trustee of the Morrissey Irrevocable Trust (The Trust) filed a petition to set aside a tax sale on October 25, 2013. He alleges that the Trust owned property in Barrett Township that was sold at the September 11, 2013 upset tax sale and that the Trust was not given proper notice of the sale. The Monroe County Tax Claim Bureau (MCTCB) did not file an answer to the petition, but was represented by counsel

at the hearing held on the petition on February 25, 2014. Marek Tchorzewski, the purchaser of the property at the tax sale, filed an answer and was present at the hearing as well. William J. Morrissey, III testified at the hearing and the parties then argued their respective positions.

## FINDINGS OF FACT

1. William J. Morrissey, III, Trustee of the Morrissey Irrevocable Trust, is the owner of a residential property on Route 447, in Barrett Township, Monroe County, Pennsylvania (the property).

2. Mr. Morrissey does not reside in the property. He resides at 59 Lynwood Road, Cedar Grove, New Jersey 07009.

3. Mr. Morrissey's mother, Josephine Morrissey, lived in the property until approximately three years ago, when she moved to 46 Wedgewood Drive, Montville, New Jersey. She suffers from dementia and has other medical problems. She has resided at the Montville, New Jersey address with her daughter June (who is also Mr. Morrissey's sister) since she left the property.

4. Josephine Morrissey paid the taxes on the property while she lived there. William J. Morrissey, III believed that his mother continued to pay the taxes on the property, although at times he was aware that his mother was having difficulty in paying the taxes.

5. The Trust did not pay the 2011 and 2012 school taxes.

6. The MCTCB sold the property to recover unpaid taxes at upset tax sale on September 11, 2013 to Mark

Tchorzewski.

7. The Monroe County Tax Claim Bureau (MCTCB) "Land Activity History Report", which is part of Joint Exhibit 1, shows that since October 27, 2007, tax bills have been sent to William J. Morrissey, III, Trustee, 46 Wedgewood Drive, Montville, NJ, 07045. Joint Exhibit 1, page 16.

8. A "Notice of Return and Claim" for unpaid 2011 School taxes was sent by the MCTCB to "Morrissey William J III Trustee, 46 Wedgewood Dr, Montville NJ 07045-9054." The MCTCB received a return receipt card from the U.S. Postal Service, showing that the mail had been received by "J.Morrissey." *Id.*, pages 13, 14.

9. A "Notice of Return and Claim" for unpaid 2012 school taxes was sent by the MCTCB to "Morrissey William J III Trustee, 46 Wedgewood Dr, Montville NJ 07045-9054" On April 4, 2013. The MCTCB received delivery information from the U.S. Postal Service, showing that the mail had been received by "J.Morrissey" on April 11, 2013. *Id.* pages 10, 11.

10. A "Notice of Public Sale" of the property, dated May 7, 2013, warning that the property would be sold on September 11, 2013 was sent to "Morrissey William J III Trustee, 46 Wedgewood Dr. Montville NJ 07045-9054." The MCTCB received delivery information from the U.S. Postal Service, showing that the mail had been received by "J.Morrissey" On May 16, 2013. *Id.*, pages 8, 9.

11. The "J. Morrissey" who signed for the certified mail notices from the Monroe County Tax Claim Bureau

was William J. Morrissey's mother, Josephine Morrissey.

12. William J. Morrissey, III, Trustee did not authorize his mother to receive his mail for him.

13. William J. Morrissey, III did not receive notice of the return of claim for 2011 and 2012 unpaid taxes. He also did not receive notice of the September 11, 2013 upset tax sale.

14. Mr. Morrissey first became aware of the 2013 tax sale when his sister told him that she thought the house was being sold for unpaid taxes. He contacted the Barrett Township tax collector and was told that the property had been sold.

## DISCUSSION

The Tax Claim Bureau has the burden of proving compliance with the statutory notice provisions of the Real Estate Tax Sale Law (RETSL) in a tax sale case. *See* 72 P.S. § 5860.601 et seq.; *see also Geier v. Tax Claim Bureau of Schuylkill County*, 570 A.2d 134, 136 (Pa. Cmwlth. 1990), *aff'd*, 588 A.2d 480 (Pa. 1991). The provisions of RETSL "were not meant to punish taxpayers who omit, through oversight or error, to pay their taxes, but to protect local government against willful, persistent, long-standing delinquencies." *Huhn v. Chester County*, 328 A.2d 906, 908 (Pa. Cmlwth. 1974). It is well settled that strict compliance with RETSL's notice provisions is mandatory because the "tax sale laws were enacted with the primary purpose of insuring the collection of taxes, and not to strip away citizens' property rights." *Rivera v. Carbon County Tax Claim Bureau*, 857 A.2d 208, 214

(Pa. Cmwlth. 2004) (quoting *Tracy v. County of Chester, Tax Claim Bureau*, 489 A.2d 1334 (Pa. 1985)); *see also Fernandez v. Tax Claim Bureau of Northampton County*, 925 A.2d 207, 212 (Pa. Cmwlth. 2007) (citing *In re Upset Price Tax Sale of September 25, 1989*, 615 A.2d 870, 872 (Pa. Cmwlth. 1992)). Strict compliance with these notice requirements is necessary to guard against deprivation of property without due process of law. *See Difenderfer v. Carbon County Tax Claim Bureau*, 789 A.2d 366, 368 (Pa. Cmwlth. 2001). A defect in any one of the required notices, therefore, renders the sale void. *See Fernandez*, 925 A.2d at 212.

The RETSL provides in 72 P.S. § 5860.602 that the Tax Claim Bureau must provide various forms of notice to the delinquent taxpayer of the impending sale. These include:

a. Publication in two newspapers in the county at least 30 days before the sale;

b. Certified mail sent at least 30 days before the date of the sale;

c. Posting of the property at least 10 days before the sale.

*Id.*

The MCTCB has the burden of establishing that it has complied with the notice requirements of Section 602 and the reasonable efforts requirements of Section 607.1. *Rice v. Compro Distributing, Inc.*, 901 A.2d 570, 575 (Pa. Cmwlth. 2006). The MCTCB along with the other parties has submitted Joint Exhibit No. 1, which contains the

records of the MCTCB's notification efforts.

Section 602(e)(1) of the Tax Sale Law provides the bureau must give notice of the sale at least 30 days before the date of the sale by certified mail, restricted delivery, return-receipt requested, to each property owner. "Owner" is defined by Section 102 of the Tax Sale Law in pertinent part as:

> the person in whose name the property is last registered, if registered according to law, or, if not registered according to law, the person whose name last appears as an owner of record in any deed or instrument of conveyance recorded in the county office designated for recording.

72 P.A. §5860.102.

Section 602(e)(2) provides:

> [I]f return receipt is not received from each owner... then, at least ten (10) days before the date of the sale, similar notice of the sale shall be given to each owner who failed to acknowledge the first notice by United States first class mail, proof of mailing at his last known post office address.

72 P.S. § 5860.602(e).

Mr. Morrissey did not have actual notice of the upset sale, so the question before the court is whether the notices provided by the MCTCB were adequate despite the lack of actual notice to the owner. Here the MCTCB sent notice of the tax sale by U.S. certified mail, restricted delivery, to "William J. Morrissey, III, Truste" (sic). Joint Exhibit

1, page 8. The mail was received and signed for by "J. Morrissey." "J. Morrissey" was not William J. Morrissey, III, Trustee, rather, it was his mother, Josephine Morrissey. There was no evidence presented that Josephine Morrissey was authorized to accept mail for William in his capacity as trustee. The same was true of the notices of return and claim sent by the MCTCB. *Id.*, pages 10-14.

The Commonwealth Court held in *Ali v. Montgomery County Tax Claim Bureau*, 557 A.2d 35 (Pa. Cmwlth. 1989), that notice of an impending tax sale was insufficient where the return receipts were not signed by a person authorized to accept mail for the addressee, *Id.* at 561-62, 557 A.2d at 37. In *Ali* the tax bureau sent two notices. The first was addressed to "Ali Muhammad, c/o J. Colehower, Esq., Centre Sq. W. 38th Flr., Phila., PA 19102." The second was addressed to Ali Muhammad at the same address, but "c/o Saul, Ewing, Remick and Saul." *Id.* at 561, 557 A.2d at 37. Both letters were marked certified, restricted delivery, return receipt requested. The return receipts for both letters were signed by "S. Croom." *Id.* The Commonwealth Court found the mail notice faulty because the Bureau did not establish that S. Croom was authorized to accept mail for Ali.

Likewise, in *Perma Coal-Sales, Inc. v. Cambria County Tax Claim Bureau*, 638 A.2d 329, 331 (Pa. Cmwlth. 1994), the trial court found that Edward Ratay was authorized to receive mail for Perma Coal-Sales, Inc. However, the notices of sale were signed for by Retha Rhoades, Edward Ratay's housekeeper, and Helen Ratay, his wife. No evidence was presented that these individuals

had authority to sign certified mail receipts for Edward Ratay or for the corporation. The Commonwealth Court held that this notice was inadequate.

> "The Bureau did not establish before the trial court that either Retha Rhoades or Helen Ratay, who actually signed the receipts, had any apparent authority to accept mail for Perma... Although we acknowledge that these letters were received at Edward Ratay's address, we emphasized in *Ali* that the notice provisions of the tax law must be strictly complied with in order to guard against deprivation of property without due process." *Id.* at 562, 557 A.2d at 37.

*Perma Coal-Sales, Inc. v. Cambria County Tax Claim Bureau*, 638 A.2d 329, 331 (Pa. Cmwlth. 1994).

"The absence of authorization to sign is also legally significant. In *Smith v. Pike County Tax Claim Bureau*, 834 A.2d 1247 (Pa. Cmwlth. 2003), this court held that the signature by one spouse does not constitute sufficient notice to the other, and does not meet the statutory notice requirements. Separate notice to each owner is required. *Smith*; *see also In re 1999 Upset Sale of Real Estate*, 811 A.2d 85 (Pa. Cmwlth. 2002)." *Estate of Smith v. Pike County Tax Claim Bureau*, 2011 WL 10844286, 4 (Pa. Cmwlth. 2011) (opinion cited here for persuasive value only).

Marek Tchorzewski argues that the signature of "J. Morrissey" on the certified mail receipts is close enough to the name of William J. Morrissey, III, Trustee, to avoid the need for further inquiry by the MCTCB. The RETSL

provides in Section 607(a) that if circumstances raise "a significant doubt as to the actual receipt" of certified mail notice, the MCTCB has an obligation to undertake additional notification efforts. However, this argument overlooks the fact that Morrissey was not served with certified mail notice.

No proof was offered that Josephine Morrissey was authorized to sign for the certified mail notices from the MCTCB. The signature "J. Morrissey" was not that of William J. Morrissey, Trustee. The MCTCB was required to make additional efforts to provide the owner of the property with notice before the sale. It did not do so, so the sale will be set aside.

## ORDER

And now, this 10th day of March, 2014, following a hearing on William J. Morrissey, III, Trustee's Petition to Set Aside Tax Sale, it is ordered as follows:

1. The petition to set aside the September 11, 2013 upset tax sale of the Morrissey property in Barrett Township, Monroe County, Pennsylvania, Tax Code No. 1/16/1/7 is granted. The tax sale is declared to be void and of no effect.

2. The monies paid by the purchaser at the sale, Marek Tchorzewski, shall be refunded.

3. The monies posted with the Monroe County Tax Claim Bureau by Mr. Morrissey shall be paid to satisfy the delinquent real estate taxes and the costs of sale.